UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CONTINENTAL INSURANCE
COMPANY,

MEMORANDUM & ORDER
07-cv-3821 (NGG)

Plaintiff,

-against-

HUFF ENTERPRISES INC., HUFF
ROOFING, INC., ROCHDALE VILLAGE,
INC., and COASTAL ATLANTIC
ASSOCIATIONS, INC.,

Defendants.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Continental Insurance Company ("Plaintiff") seeks a judicial determination that it has no contractual obligation to provide insurance coverage for Defendants. (See Complaint (Docket Entry # 1).) Defendants Huff Enterprises Inc. and Huff Roofing, Inc. (collectively, "Huff") are have been sued by Defendant Rochdale Village, Inc. ("Rochdale") in a state court action (the "Rochdale action") arising out of construction defects at a worksite in Queens. (See id. ¶¶ 1-2.) As Huff's insurer, Plaintiff is defending the Rochdale action. (See id. ¶ 4.) In this court, Plaintiff seeks three forms of relief: (1) a declaration that it has no coverage obligation to any party in the Rochdale action, (2) money damages for the uncovered costs it has incurred in connection with the Rochdale action, and (3) the "costs, expenses, disbursements, and attorneys' fees incurred in this action." (See id., Prayer for Relief ¶¶ 1-3.)

Defendants failed to appear before this court and the Clerk of Court entered default on January 31, 2008. (See Clerk's Certificate of Default (Docket Entry # 16).) Plaintiff subsequently moved for default judgment under Federal Rule of Civil Procedure 55(b)(2), which

1

the court granted on March 27, 2008. (See Docket Entries ## 17, 22.)[1]  Plaintiff subsequently requested that the court withdraw and vacate the entry of default judgment.  Plaintiff asked that the court instead enter summary judgment under Federal Rule of Civil Procedure 56.  (See Notice of Motion for Summary Judgment (Docket Entry # 34).)

On December 12, 2008, the court held a pre-motion conference with Plaintiff regarding its request to vacate the default judgment and move for summary judgment.  (See Transcript dated Dec. 12, 2008 (Docket Entry # 33) ("Tr.").)  At the conference, Plaintiff indicated that its motion would seek "a declaration . . . that Continental has no obligation to defend or indemnify Huff in the underlying suit."  (Id. at 5.)  Regarding it reasons for seeking summary judgment rather than default judgment, Plaintiff expressed concern about whether "simply having a default would have that effect . . . ."  (Id.)

At the conference, the court repeatedly inquired about the propriety of entering summary judgment when the defending parties had never appeared.  For example, Plaintiff's counsel was asked: "[w]hy would I withdraw the default judgment, which is the law of the case, so that you can make a motion for summary judgment where the parties haven't appeared."  (Id.)  Plaintiff's counsel did not have an answer, and the court withdrew the default judgment without prejudice in order to determine whether entering summary judgment would be appropriate "where I have already declared a default and where the parties have not responded."  (Id. at 7.)

Plaintiff has filed its motion papers in support of summary judgment, but has not addressed the propriety of granting summary judgment in this procedural situation.  The court turns to that issue now, and concludes that considering summary judgment is not appropriate.  As

---

[1] Plaintiff voluntarily dismissed claims against Carlisle Syntec Systems.  (See Docket Entry # 21.)

set forth below, the court will refer the previous motion for default judgment to Magistrate Judge Andrew L. Carter for a determination of the appropriate remedy.

I.  **DISCUSSION**

Plaintiff has not cited, and the court has not found, any case law on the issue of whether it is appropriate to withdraw a default judgment and consider a motion for summary judgment when none of the defendants have appeared. Plaintiff presented this issue to the court because of its concern that the default judgment previously entered is insufficient to provide it with the declaratory relief that it seeks. Having considered the issue, the court concludes that default judgment is the appropriate procedure in this case, and that Plaintiff's concerns do not support consideration of a motion for summary judgment.

A.  **Availability of Declaratory Relief**

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004). Under Rule 55(a), a plaintiff must first obtain an entry of default against a party that has not appeared or defended; under Rule 55(b), the plaintiff may then move for entry of default judgment. New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005). Rule 55 applies when "only the first step [of a lawsuit] has been taken – i.e., the filing of a complaint – and the court thus has only allegations and no evidence before it." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006). The Rule "tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party." Vermont Teddy Bear, 373 F.3d at 246.

By contrast, "[m]otions for summary judgment, . . . lack these ancient common law roots," and "are governed by Rule 56 under which the failure to respond to the motion does not

alone discharge the burdens imposed on a moving party." Id. Under Rule 56, "[a]lthough the failure to respond may allow the district court to accept the movant's factual assertions as true, the moving party must still establish that the undisputed facts entitle him to a judgment as a matter of law." Id. (internal citations and quotation marks omitted). Accordingly, in reviewing a motion for summary judgment – even one that is unopposed – the court must "determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." Id. (internal quotation mark omitted). The Second Circuit has made clear that summary judgment is distinct from default judgment, and "does not embrace default judgment principles." Id. at 242.

The distinction between summary judgment and default judgment is supported by Federal Rule of Civil Procedure 54(c), under which default judgment is treated differently than all other forms of judgment. Under that Rule, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). This limitation "anticipates that defendants will look to [a complaint's] demand clause to understand their exposure in the event of default." Silge v. Merz, 510 F.3d 157, 160 (2d Cir. 2007). It allows a defendant who is served with a complaint to make an informed decision about whether to defend the suit, with full notice of possible legal exposure. In contrast, Rule 54(c) places no such limitations on judgments outside of the default context: "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c) (emphasis added). In other words, the authority to grant relief under Rule 54(c) is plainly broader in summary judgment cases than in default judgment cases. Given the significance of this distinction, a court must take care not to sidestep the limitations of

4

Rule 54(c) by granting summary judgment in a procedural circumstance that calls for default judgment.

The procedural history of this case makes default judgment procedures more appropriate than summary judgment procedures. The Complaint was filed and served on Defendants. (See Docket Entries ## 1, 3-6.) Those Defendants failed to appear, and the Clerk of Court subsequently entered default on January 31, 2008. (See Docket Entry # 16.) Plaintiffs then moved for default judgment under Rule 55(b). (See Docket Entry # 17.) Thus, in this case, "only the first step has been taken – i.e., the filing of a complaint – and the court thus has only allegations and no evidence before it." Blair, 462 F.3d at 107.[2] Moreover, there has plainly been a "default in the course of litigation," a situation in which the Second Circuit has deemed Rule 55 to be the appropriate procedure to follow. Vermont Teddy Bear, 373 F.3d at 246; see also Emanuel v. Barry, No. 83-CV-810 (RJD), 1990 WL 172681, at *4 (E.D.N.Y. Oct. 25, 1990) ("In view of [the defendant's] failure to defend, plaintiffs are granted leave to file an appropriate motion under Rule 55 of the Federal Rules of Civil Procedure as to those claims for which summary judgment is inappropriate."). In sum, this case presents all of the hallmarks for application of default judgment procedures, rather than summary judgment procedures.[3]

---

[2] In this regard, this case is unlike Blair, in which the Second Circuit held that summary judgment, rather than default judgment, is appropriate in a case removed from state court in which an unopposed party seeks to vacate or confirm an arbitration award. 462 F.3d at 107. In that situation, "[t]he record accompanying a motion to confirm an arbitration award 'may resolve many of the merits or at least command judicial deference.'" Trustees of the UNITE HERE National Health Fund v. JY Apparels, Inc., 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008) (quoting Blair, 462 F.3d at 109, 110). "When a court has before it such a record, rather than only the allegations of one party found in complaints, the judgment the court enters should be based on the record." Blair, 462 F.3d at 109. Here, Plaintiff's case was not filed with an accompanying record, and consideration under Rule 56 is therefore inappropriate.

[3] If Plaintiff is concerned that default judgment does not provide any protection under principles of preclusion, this concern is unwarranted. As the Second Circuit has made clear, although a default judgment may not support issue preclusion with respect to future cases, default judgments are entitled to res judicata effect. Compare In re Adler, Coleman Clearing Corp., 205 F. App'x 856, 857 (2d Cir. 2006) ("[T]he general rule is well-established that default judgments lack issue-preclusive effect.") with EDP Med. Computer Sys., Inc. v. United States, 480 F.3d 621, 626 (2d Cir. 2007) ("[I]t has long been the law that default judgments can support res judicata as surely as judgments on the merits."). The Second Circuit has also left open the possibility that a default judgment may have issue-preclusive effect in egregious cases. See Adler, Coleman Clearing Corp., 205 F. App'x at 858 n.1.

Plaintiff has expressed concern that a default judgment will prevent it from obtaining declaratory relief. This concern is unwarranted. "[A]lthough a default judgment establishes liability, it does not answer whether any particular remedy is appropriate." e360 Insight v. The Spamhaus Project, 500 F.3d 594, 604 (7th Cir. 2007). Rather, the moving party must show that it is entitled to the specific relief sought. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). To this end, Rule 55 gives the court discretion to "conduct hearings or make referrals" when, in order to effectuate or enter a judgment, it is necessary to make damages determinations, to establish the truth of allegations, or to investigate any other matter. Fed. R. Civ. P. 55(b)(2).

The court has found no authority excluding declaratory relief from the range of remedial options available to a court following default. To the contrary, the court has located several New York state courts that found it appropriate to conduct an evidentiary proceeding to determine whether to grant declaratory relief in a default case. According to these courts, because "declaratory judgment is a discretionary, equitable remedy dependent upon facts and circumstances rendering it useful and necessary," the court must have proof that will enable it to "determine whether the plaintiff is entitled to the equitable relief prayed for." Crantson v. Walton-164th St. Corp., 115 N.Y.S.2d 331, 332 (Sup. Ct. 1952) (internal quotation mark omitted). Therefore, "[a] declaratory judgment may be issued even if a defendant defaults in appearing or defending the action but a default judgment in a declaratory judgment action will not be granted on the default and pleadings alone for it is necessary that plaintiff establish a right to a declaration against such a defendant." See Nat'l Sur. Corp. v. Peccichio, 264 N.Y.S.2d 177, 178-79 (Sup. Ct. 1965) (citing cases).

The approach of these New York State courts is consistent with the general approach in federal default cases. See, e.g., Di Marco Constructors, LLC v. Sinacola, Inc., 407 F. Supp. 2d 442, 449 (W.D.N.Y. 2006) (ordering evidentiary hearing with respect to, inter alia, propriety of claims for declaratory relief in default case). As discussed above, federal courts effectuating default judgments are empowered to take measures to determine damages, to establish the truth of allegations, or to investigate any other matter. See Rule 55(b)(2). Consideration of whether declaratory relief is appropriate should be included among the matters for such investigation. The propriety of granting declaratory relief is a matter within the discretion of the district court. See In re Orion Pictures Corp., 4 F.3d 1095, 1100 (2d Cir. 1993) ("A district court has broad discretion to decide whether to render a declaratory judgment."). The court has found no authority suggesting that the entry of default should categorically preclude the court's discretion to grant this type of relief.

In this action, the court deems it appropriate to consider declaratory relief. Had the Defendants appeared in this action, the court would have been charged with determining the propriety of the declaratory relief sought in the Complaint. See 28 U.S.C. § 2201. The fact that Defendants have defaulted should not prevent the court from making this determination. Were declaratory relief categorically unavailable in default cases, a defending party could prevent a plaintiff from obtaining a declaration simply by not showing up in court. The better approach is to conduct an inquest, at which Plaintiff can make an evidentiary showing, in order to determine whether it is entitled to declaratory relief.

Based on the foregoing, the court concludes that it is appropriate to consider Plaintiff's request for relief under Rule 55(b), rather than to consider a motion for summary judgment. The

motion for summary judgment is, therefore, DENIED without prejudice. The court now turns to the question of default judgment.

### B. Default Judgment

The decision to grant a motion for default judgment is a matter within the sound discretion of the district court. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). The factors that guide a court's discretion include the possibility of prejudice to the plaintiff, the merits of plaintiff's substantive claim, the sufficiency of the complaint, the sum of money at stake in the action, the possibility of a dispute concerning material facts, whether the default was due to excusable neglect, and the strong public policy favoring decision on the merits. See 10 Moore's Federal Practice, § 55.31[2] (3d ed. 2009); see also Pinaud v. County of Suffolk, 52 F.3d 1139, 1152 n.11 (2d Cir. 1995) (citing factors from Moore's second edition).

The court previously determined that a default judgment was warranted, but did not make a determination with respect to the form of relief to be ordered. (See Docket Entry # 22.) At Plaintiff's request, the court withdrew the default judgment. It is clear from the proceedings in this case that Defendants' willful failure to appear supports the entry of a default judgment. The docket sheet indicates that each of the defaulting Defendants were served with the Complaint. (See Docket Entries ## 3-6.) Moreover, Defendants have been in related litigation involving Plaintiff in New York State court in Queens County. (See Docket Entry # 1.) Plaintiff's counsel has also engaged in settlement negotiations with counsel for one of the Defendants with the intention of reaching a "global settlement" of this case and the Rochdale action. (See Docket Entries ## 25, 27.) Finally, Plaintiff served its summary judgment motion papers on Defendants to notify them of the merits of their claims. (See Docket Entry # 34; Tr. 6-7.) Clearly, Defendants have notice of this case and have made a conscious decision not to participate.

8

When a party defaults, the court "is required to accept all . . . factual allegations as true," "draw all reasonable inferences in that party's favor," and to "determine whether the . . . allegations establish . . . liability as a matter of law." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). The Complaint pleads a straightforward insurance coverage dispute, in which Plaintiff claims that its insurance contract does not cover the dispute at issue in the Rochdale action. See Morgan Stanley Group Inc. v. New England Ins. Co., 225 F.3d 270, 275-76 (2d Cir. 2000) (describing New York's approach to insurance coverage disputes). The Complaint does not include the contract at issue, and the court does not reach the issues relating to its merits, including the issue of whether declaratory judgment or damages are appropriate based on the contract's meaning. Without considering issues beyond the Complaint, the court would be unable to determine whether the allegations establish liability. A further inquiry into the merits is required.

In this declaratory judgment case, the issues of liability and declaratory relief are intertwined. Should judgment for Plaintiff be appropriate based on the meaning of the contract at issue, the finding of liability would enable the court to grant the relief requested in Plaintiff's Complaint. See Fed. R. Civ. P. 54(c). But, to do so, the court would have to determine what forms and manner of requested relief are warranted, as well as which parties the Complaint establishes liability against. Under these circumstances, the court considers an inquest to be the best mechanism to determine whether judgment should enter and what the particular relief it should contain. Plaintiff can present evidence and argument on the merits of its claims, as well as the propriety of declaratory or other relief.

Based on the foregoing, the matter will be referred to Magistrate Judge Carter for an inquest on whether relief is warranted and, if so, what type of relief is appropriate. Plaintiff has

included evidence and argument in its summary judgment papers, and the court will include those submissions as part of its referral to Judge Carter.

## II. CONCLUSION

For the foregoing reasons, consideration of Plaintiff's motion for summary judgment is not appropriate. Plaintiff's motion for summary judgment is therefore DENIED without prejudice. As set forth above, the motion for default judgment is REFERRED to Magistrate Judge Carter for an inquest.

SO ORDERED.  /s/ Nicholas G. Garaufis

Dated: Brooklyn, New York  NICHOLAS G. GARAUFIS
      November 6, 2009  United States District Judge